THE STATE OF OHIO, APPELLEE, *v.* WALSH ET AL., APPELLANTS.

(No. 45425—Decided July 21, 1983.)

*Mr. John T. Corrigan,* prosecuting attorney, for appellee.

*Mr. Paul Greenberger,* for appellants.

PATTON, C.J. Defendant-appellants, John and Linda Walsh, were indicted on two counts of drug trafficking (R.C. 2925.03). They pleaded guilty to one count of trafficking in hashish, and the remaining count, trafficking in marihuana, was nolled. Each was sentenced to three to fifteen years, with three years of actual incarceration.

Appellants appeal and present one assignment of error for this court's review:

"The trial court committed reversible error by sentencing appellants under the harsher provisions of Section 2925.03 (C)(5) O.R.C. instead of applying the sentencing provisions applicable under Section 2925.03(E)(2), for a violation of Section 2925.03(A)(5) involving, marihuana, referred to as 'hashish' in the indictment."

Appellants pleaded guilty to selling 27.7 grams of hashish, a substance derived from the resinous secretions of the cannabis plant. "Hashish" is not specifically included in the Revised Code. However, it is subsumed under the definition of "marihuana" contained in R.C. 3719.01(Q):

" 'Marijuana' means all parts of any plant of the genus cannabis, whether growing or not, the seeds thereof; *the*

54

resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant, its seed or resin. It does not include the mature stalks of the plant, fiber produced from the stalks, oils or cake made from the seeds of the plant, any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks, except the resin extracted therefrom, fiber, oil or cake, or the sterilized seed of the plant which is incapable of germination." (Emphasis added.)

Marihuana is a controlled substance included in Schedule I. R.C. 3719.41. Accordingly, appellants were charged under R.C. 2925.03, which provides in part that:

"(A) No person shall knowingly do any of the following:

"* * *

"(5) Sell or offer to sell a controlled substance in an amount equal to or *exceeding the bulk amount but in an amount less than three times that amount.*" (Emphasis added.)

For purposes of this case, "bulk amount" is defined in R.C. 2925.01 as follows:

"(E) 'Bulk amount' of a controlled substance means any of the following:

"* * *

"(3) An amount equal to or exceeding two hundred grams of marihuana, or *an amount equal to or exceeding ten grams of the resin contained in marihuana, or of any extraction or preparation of the resin contained in marihuana,* or equal to or exceeding two grams of the resin contained in marihuana in a liquid concentrate, liquid extract, or liquid distillate form." (Emphasis added.)

Appellants were sentenced according to the provisions set forth in R.C. 2925.03(C)(5):

"(C) If the drug involved is any compound, mixture, preparation, or substance included in schedule I with the exception of marihuana or in schedule II,

whoever violates this section is guilty of aggravated trafficking.

"* * *

"(5) *Where the offender has violated division (A)(5) or (A)(6) of this section,* aggravated trafficking is a felony of the second degree and *the court shall impose a sentence of actual incarceration of three years* and if the offender has previously been convicted of a felony drug abuse offense, aggravated trafficking is a felony of the first degree, and the court shall impose a sentence of actual incarceration of five years." (Emphasis added.)

Appellants contend that they should not have been sentenced under this statute because the term "marihuana" as defined in R.C. 3719.01(Q), *supra,* includes hashish, and marihuana is expressly excluded from R.C. 2925.03 according to the following language contained in section (C):

"If the drug involved is any compound, mixture, preparation, or substance included in schedule I *with the exception of marihuana* or in schedule II, whoever violates this section is guilty of aggravated trafficking." (Emphasis added.)

Appellants claim that R.C. 2925.03 (E)(2), which does not provide for a mandatory term of incarceration, is the appropriate sentencing provision:

"(E) If the drug involved is *marihuana,* whoever violates this section is guilty of trafficking in marihuana.

"* * *

"(2) *Where the offender has violated division (A)(5) or (A)(6) of this section, trafficking in marihuana is a felony of the third degree* and if the offender has previously been convicted of a felony drug abuse offense, trafficking in marihuana is a felony of the second degree." (Emphasis added.)

We find this reasoning to be persuasive.

"Marihuana" is defined in part as "all parts of any plant of the genus cannabis, whether growing or not, the seeds there-

of; *the resin extracted from any part of the plant * * *.*" (Emphasis added.) Marihuana, by definition, includes hashish, which is the resinous secretion of the cannabis plant. Because the language of R.C. 2925.03(C) clearly excludes marihuana, it must also exclude hashish.

Accordingly, this assignment of error is well-taken.

The judgment of the trial court is reversed and the cause is remanded for sentencing under R.C. 2925.03(E)(2).

*Judgment reversed and cause remanded.*

JACKSON and HOFSTETTER, JJ., concur.

HOFSTETTER, J., retired, of the Eleventh Appellate District, was assigned to active duty pursuant to Section 6(C), Article IV, Constitution.